■ In the Matter of JACK MIRENDA, Petitioner, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Determination of the respondent, entered on September 8, 1972, confirmed, without costs and without disbursements. Concur — Stevens, P. J., Kupferman, Murphy and Lane, JJ.; Nunez, J., dissents in the following memorandum : I would annul the determination of the Waterfront Commission. This 50-year-old longshoreman is being deprived of his right to earn a living and support his family at the only occupation he has known during his adult life. In my view a conviction for gambling, a mere violation as distinguished from a misdemeanor or a felony, does not justify revocation of petitioner's permanent registration as a longshoreman. Nor can I see any possible justification for the commission's conclusory finding that petitioner's presence on the piers is a danger to the public peace and safety. True it is that 20 years ago he was convicted of gambling several times. However, he made full disclosure when applying for registration and was accepted and registered. He worked and behaved himself for 20 years. He was entitled to be judged solely on his actions of February 18, 1972, when he was arrested for possession of policy slips. It is hypocritical to hold that a citizen who engages in gambling activities is a danger to the public peace and safety when we have government itself conducting gambling operations and deriving income therefrom. Petitioner has been suspended for more than one year. Any further punishment is unwarranted. Like the longshoreman in *Schultz* v. *Waterfront Comm.* (35 A D 2d 373, 375) (dissent by McGivern, J.) appellant " petitions us now not to work in Tiffany's, nor at Fort Knox, nor as a cashier in a bank. He begs the privilege of wielding a bale hook on the open piers, in the cold of winter and the heat of summer, in order to put bread on the family table." The commission abused its power. This man deserves another chance in this enlightened age. We should encourage his rehabilitation and not drive him to the necessity of earning a living in activities outside the law.